**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER D. TUCKER, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:07-CV-148 (CDL) |
| | : | |
| BRUCE CHATMAN, Warden, | : | 28 U.S.C. § 2254 |
| | : | Habeas Corpus Petition |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Before the court is Respondent's Motion to Dismiss Petition As Untimely, filed on December 31, 2007. (R-10). Petitioner was notified of his right to file a response to Respondent's Motion, and filed such on January 25, 2008. (R-13).

On July 2, 1998, following a jury trial, Petitioner was found guilty of aggravated assault upon a peace officer, possession of a firearm by a convicted felon, driving while license suspended or revoked, possession of an open container of alcoholic beverages while operating a vehicle, fleeing or attempting to allude a police officer, and improper tail lights. (R-1 and R-8, Resp. Ex. 6). Petitioner was sentenced to concurrent life sentences for each court of armed robbery and to five years for each count of aggravated assault, with said five year sentences to run concurrently to each other and consecutively to the life sentences. *Id*.

On December 28, 1999, Petitioner filed a notice of appeal. (R-8-3, Resp. Ex. 6). On August 15, 2000, the Georgia Court of Appeals affirmed Petitioner's convictions and sentence. *See Tucker v. State*, 245 Ga. App. 551, 538 S.E.2d 458 (2000). On May 1, 2003,

Petitioner filed a state habeas petition in the Superior Court of Coffee County (R-8-2, Resp. Ex. 2), which, after a hearing, was denied on August 8, 2005 (R-8, Resp. Ex. 3). The Georgia Supreme Court denied Petitioners' application for certificate of probable cause to appeal on October 16, 2006. (R-8-2, Resp. Ex. 4). On September 28, 2007, Petitioner filed the current application for federal habeas relief. (R-1).

## AEDPA Limitations Period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;. . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(28 U.S.C. § 2244(d).

2

Under that statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A). In *Kaufmann v. United States,* 282 F.3d 1336, 1339 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the Eleventh Circuit Court of Appeals joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes *final."* The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated: "By *final,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708 (emphasis added).

*Id*. at 1338.

Respondent is correct in that Petitioner's instant petition is untimely under 28 U.S.C. § 2244(d). Pursuant to Georgia Supreme Court Rule 38(1), Petitioner had 10 days after judgment in the Court of Appeals within which to file an application for *writ of certiorari*. Since Petitioner did not seek certiorari to the Georgia Supreme Court, his judgment of conviction became final on August 28, 2000, which was the first weekday[1] following the 10 day period to seek certiorari from the denial of his direct appeal pursuant to Georgia Supreme Court Rule 38(1). Therefore, the AEDPA statute of limitations began to run on Petitioner's

---

[1] The tenth day fell on Friday, August 25, 2000.

§ 2254 action on August 28, 2000, and expired on August 28, 2001.

## Statutory and Equitable Tolling

Title 28, United States Code, Section 2244(d)(1) permits equitable tolling only under limited conditions, for example, when an extraordinary factor beyond the Petitioner's control and unavoidable even with diligence prevents him from filing in a timely manner. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). Equitable tolling is an extraordinary remedy which is typically applied sparingly. *See Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990). *See Miller v. Marr,* 141 F. 3d 976, 978 (10th Cir. 1998) (not knowing about the period of limitation until too late is not ground for equitable tolling). The burden is upon Petitioner to show that equitable tolling is warranted. *See Helton v. Sec'y for the Dep't of Corr.'*s, 259 F.3d 1310, 1313-14 (11th Cir. 2001; *see also Justice v. United States*, 6 F.3d 1474, 1478 (11th Cir. 1993). The Eleventh Circuit has held that an inmate "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Brown v. Barrow*, 2008 WL 108706, at *1 (C.A.11 (Ga.)).

Equitable tolling is not warranted because of a Petitioner's unfamiliarity with the legal process, nor his lack of representation or mistakes made by his attorney during the applicable filing period and where a petitioner fails to state any "independent efforts" that he made to ascertain the limitations period deadline. *See, Helton*, 259 F.3d at 1313-14; *see also Steed,* 219 F.3d at 1300; *see also Turner v. Johnson* 177 F.3d 390, 391-392 (5th Cir. 1999).

4

Petitioner argues that he is entitled to equitable tolling because: 1) Petitioner received his trial transcripts four (4) months after his appeal became final, leaving Petitioner only eight (8) months to research and file a state habeas corpus petition; 2) the State hindered Petitioner's attempts to retrieve other "key elements" of his case, such as the transcript from his probation revocation hearing which Petitioner contends would have shown the inconsistencies in the statements of police officers; 3) Petitioner had two Motions to Correct Illegal/Void Sentence under O.C.G.A. §17-9-4 pending in the Muscogee County Superior Court until March 20, 2003; and 4) Petitioner contends that he had one-year to file his federal habeas corpus petition <u>after</u> his certificate of probable cause to appeal was denied by the Georgia Supreme Court on October 2, 2006. (R-13-2). (emphasis added).

First, Petitioner argues that he received his trial transcripts four (4) months after his direct appeal became final, leaving him only eight (8) months to research and file his state habeas petition. Secondly, Petitioner argues that the state created impediments that kept him from filing his state habeas petition, in that the state "hindered" Petitioner's attempts to obtain a transcript of his probation revocation.[2] As these issues are closely related, they will be addressed together. Petitioner offers no explanation as to why he could not file his state habeas petition during those eight months. Furthermore, Petitioner has not established that the State's failure to produce said transcript constituted an illegal impediment to filing his § 2254 petition. To delay the running of the statute of limitations under §2244(d)(1)(B), a

---

[2] Although Petitioner makes this argument as one for "equitable tolling," such is actually an argument for statutory tolling and will be addressed as such.

5

petitioner must show that the state action both violated "the Constitution or laws of America" and that said action "prevented [the petitioner] from filing" his petition. *See Johnson v. Florida Department of Corrections*, 513 F.3d 1328, 1332 (11th Cir. 2008). In Georgia, "[i]t is well established that an indigent is not entitled to a copy of his trial transcript for collateral post-conviction proceedings absent a showing of necessity or justification." *Shelbey v. McDaniel*, 266 Ga. 215, 216, 465 S.E.2d 433 (1996) (additional citations omitted). Petitioner failed to make the showing by attaching a copy of a pending or proposed habeas petition with either of his first two requests. *Id*. citing *Mydell v. Clerk, Superior Court of Chatham County*, 241 Ga. 24, 25, 243 S.E.2d 72 (1978) (copy of pending or proposed habeas petition should be attached to petition seeking transcript). As to Petitioner's claim that he did not have access to discovery materials, he has failed to allege circumstances wherein he has in some "extraordinary way" been "prevented" from filing a timely federal habeas petition. *Miller v. New Jersey State Dept. Of Corrections*, 145 F.3d 616, 618 (3rd Cir. 1998). Additionally, "[e]quitable tolling does not excuse a petitioner's late filing simply because he was unable to obtain a complete trial transcript before he filed is § 2254 petition." *Lloyd v. Van Natta*, 296 F.3d 630, 634 (7th Cir. 2002, *cert. denied*, 537 U.S. 1121, 123 S. Ct. 856 (2003); *see also Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001). Therefore, these two arguments are without merit.

Petitioner also contends that he had State post-conviction or other collateral review motions pending in State court. Specifically, Petitioner claims that he filed an

"Extraordinary Motion for New Trial" dated April 18, 2001, in the Muscogee County Superior Court. However, examination of Petitioner's state post-conviction records shows that Petitioner did not file his first Motion to Correct Illegal/Void Sentence until September 18, 2002. (R-15-2, p. 70-74). Petitioner's Motion to Correct Illegal/Void Sentence filed on September 18, 2002, therefore, was filed more than a year after the expiration of his AEDPA one-year limitation period. The United States Court of Appeals for the Eleventh Circuit, however, has held that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000). Thus, Petitioner's motion was filed too late to toll the statute. See *Tinker v. Moore,* (255 F.3d 1331, 1334, *cert. denied,* 534 U. S. 1144, 122 S.Ct. 1101 (2002). Therefore, when Petitioner filed his current application on September 28, 2007, it failed to invoke the jurisdiction of this court.

Petitioner contends that he had one-year to file his federal habeas corpus petition <u>after</u> his certificate of probable cause to appeal was denied by the Georgia Supreme Court on October 2, 2006. Petitioner's argument is clearly erroneous under the holding in *Kaufmann v. United States,* as explained more fully above. 282 F.3d 1336, 1339 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002). Thus, this argument is also without merit

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petitioner's Application for Habeas Relief under 28 U.S.C. § 2244(d) be **GRANTED**, and Petitioner's § 2254 action be **DISMISSED.** Pursuant to 28 U.S.C. § 636 (b)(1), the parties

7

may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 11th day of March, 2008.

							S/ G. MALLON FAIRCLOTH
							UNITED STATES MAGISTRATE JUDGE

mZc